UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -X

MARK TRIFILO AND LEEANN TRIFILO,     DOCKET NO.
INDIVIDUALLY AND AS PARENTS AND
NATURAL GUARDIANS OF MELISSA L.
TRIFILO, MARC ANTHONY TRIFILO AND     **11 CIV 7321**
NAKITA MARIE TRIFILO, MINORS
                Plaintiffs,     **JUDGE SEIBEL**
    -against-

JAMES ARGUTO AND POM RECOVERIES, INC.
A/K/A POMCO,

                Defendants.
- - - - - - - - - - - - - - - - - - - -X

### NOTICE OF REMOVAL OF ACTION

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF NEW YORK

    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Section 1441, et seq. defendants, JAMES ARGUTO AND POM RECOVERIES, INC. a/k/a POMCO, hereby removes this civil action from the Supreme Court of the State of New York, County of Sullivan, to the United States District Court for the Southern District of New York.

### I.     PROCEEDINGS TO DATE

    On or about August 24, 2011, plaintiffs, MARK TRIFILO AND LEEANN TRIFILO, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF MELISSA L.TRIFILO, MARC ANTHONY TRIFILO AND NAKITA MARIE TRIFILO, MINORS, filed a summons and complaint dated August 17, 2011 in the civil action captioned MARK TRIFILO AND

1

LEEANN TRIFILO, INDIVIDUALLY AND AS PARENTS AND NATURAL GUARDIANS OF MELISSA L.TRIFILO, MARC ANTHONY TRIFILO AND NAKITA MARIE TRIFILO, MINORS vs. JAMES ARGUTO AND POM RECOVERIES, INC. a/k/a POMCO, Index No. 2011-2438, in the Supreme Court of the State of New York, County of Sullivan. Plaintiff served the defendants, JAMES ARGUTO AND POM RECOVERIES, INC. a/k/a POMCO, on or about September 20, 2011. The complaint alleges, *inter alia,* violations of federal and state law including the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*), and plaintiffs seek statutory and actual damages, as well as punitive damages, attorney fees and other relief.

Copies of the pleadings that plaintiffs previously filed with the Sullivan County Clerk are annexed hereto as required by 28 U.S.C. § 1446.

## II.  GROUNDS FOR REMOVAL

The Court has original jurisdiction over this action because this action arises under a Law of the United States. See 28 U.S.C. Section 1331. This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1601 et seq. (See Exhibit "A") Accordingly, according to 28 U.S.C. Section 1331, this Court has original jurisdiction over this case.

### III. VENUE

Plaintiffs' action is pending in Supreme Court of the State of New York, County of Sullivan, which is within this judicial district and division. 28 U.S.C. Section 112(c). The United States District Court for the Southern District of New York is the District Court and Division within which defendants JAMES ARGUTO AND POM RECOVERIES, INC. a/k/a POMCO, may remove this action, pursuant to 28 U.S.C. Section 1441(a) and within which defendant must file this Notice of Removal, pursuant to 28 U.S.C. Section 1446(a).

### IV. TIMELINESS

This Notice of Removal is timely filed. Plaintiffs served a copy of the summons and complaint upon the defendants, JAMES ARGUTO AND POM RECOVERIES, INC. a/k/a POMCO, on September 20, 2011, and has not filed the Affidavits of Service. This notice of Removal complies with 28 U.S.C. Section 1446(b).

### V. NOTICE

Pursuant to 28 U.S.C. Section 1446(b), defendants, JAMES ARGUTO AND POM RECOVERIES, INC. a/k/a POMCO, are simultaneously filing a copy of this Notice of Removal with the Supreme Court of the State of New York, County of Sullivan. Plaintiffs' counsel is also being served with a copy of this Notice of Removal.

## VI. **CONCLUSION**

For the foregoing reasons defendants, JAMES ARGUTO AND POM RECOVERIES, INC. a/k/a POMCO, respectfully request that this action, previously pending in the Supreme Court of the State of New York, County of Sullivan, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

Dated:  October 14, 2011

Respectfully submitted,

_____
ARTHUR SANDERS, ESQ.  (AS-1210)
Attorney for defendant
JAMES ARGUTO AND POM RECOVERIES, INC.
a/k/a POMCO
5 Hanover Square, 8th Fl.
New York, NY 10004
212-660-1050

## EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN

Index No: 2011-2438
Date Purchased: 8/24/11

Rec'd 9/20/11 by GA

---------------------------------------------------------X
MARK TRIFILO AND LEEANN TRIFILO,
INDIVIDUALLY AND AS PARENTS AND NATURAL
GUARDIANS OF MELISSA L. TRIFILO, MARC
ANTHONY TRIFILO, AND NAKITA MARIE TRIFILO,
MINORS

Plaintiffs designates
Sullivan County as
the place of trial

Plaintiffs

-against-

SUMMONS

JAMES ARGUTO AND
POM RECOVERIES, INC. a/k/a POMCO

Plaintiffs' address:
196 Dahlia Road,
Livingston Manor,
NY 12758

Defendants
---------------------------------------------------------X

County of Sullivan

To the above named Defendants

**You are hereby summoned,** to answer the complaint in this action and serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' Attorneys within 20 days after the service of the summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Livingston Manor, New York
         August 17, 2011

Very truly yours,

KEISER & KEISER, ESQS.

By: _____
    MICHAEL S. KEISER

Attorneys for Plaintiffs
3 Farm Road
Ardsley, NY 10502
(914) 674-4440

Defendants address:
James Arguto & POM Recoveries, Inc. a/k/a POMCO
~~565 Taxter Road, Suite 100,~~
~~Elmsford, NY 10523~~
This Summons and Complaint was filed in Sullivan County Clerk's Office,
Monticello, NY 12701 on August 24, 2011.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SULLIVAN
-----------------------------------------------------------------X
MARK TRIFILO AND LEEANN TRIFILO,
INDIVIDUALLY AND AS PARENTS AND NATURAL
GUARDIANS OF MELISSA L. TRIFILO, MARC ANTHONY
TRIFILO AND NAKITA MARIE TRIFILO, MINORS

               Plaintiffs

                                      VERIFIED COMPLAINT
   -against-

JAMES ARGUTO AND POM RECOVERIES, INC.
        a/k/a "POMCO"

              Defendants
-----------------------------------------------------------------X

    Plaintiffs Mark Trifilo and LeeAnn Trifilo, individually and as parents and natural guardians of Melissa L. Trifilo, Marc Anthony Trifilo and Nakita Marie Trifilo, minors, respectfully allege as follows:

1. At all times hereinafter mentioned, Plaintiffs have been residents of 196 Dahlia Road, Livingston Manor, NY and are the parents and natural guardians of Melissa L. Trifilo, Marc Anthony Trifilo and and Nakita Marie Trifilo, minors.

2. At all times hereinafter mentioned, Defendants James Arguto (hereinafter "Arguto") and POM Recoveries, Inc. a/k/a POMCO (hereinafter "POM") are residents of Westchester County and reside at and have their offices at 565 Taxter Road, Suite 100, Elmsford, NY 10523 and are engaged on a continuing basis in the debt collection business.

3. At all times, herein mentioned, Defendants were agents, representatives and/or employees of Westchester Medical Center, which claimed to be owed $328,502.06 by the Plaintiffs herein, Mark Trifilo and LeeAnn Trifilo, and have been engaged in seeking to recover and collect said money for the benefit of Westchester Medical Center.

4. At all times, the Defendants and Westchester Medical Center were subject to the Federal Fair Debt Collection Practices Act and its rules, restrictions and prohibitions, and all similar State of New York laws, rules and regulations when in the process of seeking to collect debts from persons allegedly owing same, and were prohibited from deceptive, abusive, harassing and other misconduct in dealing with such persons and are liable for damages and reasonable attorney fees for violations thereof.

5. On or about April 21st, 2011, and for some periods of time before and after such date the Defendants engaged in improper, abusive, outrageous, egregious acts in seeking to collect the aforesaid alleged debt, including, but not limited to, the following:

   A. Arguto and POM claiming to be a police officer and that he was going to arrest the Plaintiffs for nonpayment;

   B. Arguto and POM claiming that he had a public Assistant District Attorney with him, who was going to assist him in the arrest and prosecution of the Plaintiffs for non-payment of the alleged Westchester Medical Center debt;

C. Arguto going to the Plaintiff LeeAnn Trifilo's place of employment, a public U.S. Veterans' Administration Medical Outreach Clinic, and harassing her in front of other staff members and waiting patients there and stating there that said Plaintiff was a deadbeat, that she owed them $300,000 and was not paying her debt, and on repeated occasions calling said Plaintiff's place of employment and making similar and like statements and claims about her to other staff therein.

D. Arguto and POM threatened that they were going to stop both Plaintiffs' passports and prevent them from "fleeing the country" to escape their alleged debt.

E. Arguto and POM threatened that if the Plaintiffs did not pay the alleged claimed debt right away, there would be an extra $30,000 penalty and surcharge added thereto.

F. Arguto and POM stated loudly, in the presence of the minor children of the Plaintiffs in their home in Livingston Manor, NY, that their father and mother were going to be arrested and sent to jail and prison for not paying the alleged bill of the Westchester Medical Center.

G. The said minor children of the Plaintiffs have suffered undue mental anguish, strain, pain and impairment as a direct result of the alleged wrongful, egregious and harassing efforts

of the Defendants, Arguto and POM including wetting their beds, running and hiding whenever there was a knock on the door or any other people came to their door of their house, losing a great deal of sleep, crying and the like, from fear of losing one or both of their parents, and such wrongful, egregious and outrageous conduct is violative of law, fair collection practices, and other standards of conduct for collection agencies, and creditors.

6. The Defendants, Arguto and POM are guilty of such improper and wrongful conduct as to entitle the Plaintiffs to punitive damages against them in the amount of $3,000,000, as well as damages for intentionally, maliciously and wrongfully and/or negligently inflicting mental distress and pain upon the Plaintiffs in the amount of $1,000.000.

7. The Westchester Medical Center is not entitled to any recovery against the Plaintiffs unless and until Westchester Medical Center sues the Plaintiffs and gets a judgment against them for the alleged debt.

8. The Plaintiffs have, through their attorneys, Keiser & Keiser, informed Westchester Medical Center and the Defendants herein that they objected to the outrageous, egregious, improper, excessive and abusive collection tactics they have used against the Plaintiffs.

9. The Plaintiffs have meritorious defenses of several kinds and natures to the Westchester Medical Center's alleged claim against them, including, without

limitation, allegations of breach of contract, incompetence, unnecessary delays, defective, inadequate and insufficient service, padding the bills to unreasonable, improper and incorrect levels, lack of security, false arrest and imprisonment and medical malpractice.

WHEREFORE, the Plaintiffs seek damages and judgment against the Defendants for ordinary damages of $1,000,000 and for punitive damages of $3,000,000 and for such further amounts as the Court deems proper, together with the costs, interest and disbursements of this action, as well as reasonable attorneys' fees in the prosecution of this action.

Dated:      August 17, 2011

Very truly yours,

KEISER & KEISER, ESQS.

By: *[signature]*

MICHAEL S. KEISER

Attorneys for Plaintiffs
3 Farm Road
Ardsley, NY 10502
(914) 674-4440

State of New York, County of Sullivan SS.:

MARK TRIFILO, being duly sworn, deposes and says that the deponent is one of the plaintiffs in the within action; that deponent has read the foregoing and knows the contents thereof; that the same is true to deponent's own knowledge, except as to that as

to those matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
MARK TRIFILO, Plaintiff

Sworn to before me on this
August 17, 2011

_____
Notary Public

MICHAEL S. KEISER
Notary Public, State of New York
NYS #2065680, Sullivan County #1155
Commission Expires April 30, 2015

WAFEDSERV

COURT : SUPREME COURT OF THE STATE OF NEW YORK
State of New York, County of SULLIVAN

---

MARK TRIFILO AND LEEANN TRIFILO,                           Index/Docket # 2011-249
INDIVIDUALLY AND AS PARENTS AND                            IAS#
NATURAL GUARDIANS OF MELISSA L.                            Hon.
TRIFILO, MARC ANTHONY TRIFILO, AND
NAKITA MARIE TRIFILO, MINORS
                           Plaintiffs                     SUMMONS
                                                          VERIFIED COMPLAINT
        -AGAINST-

JAMES ARCUTO AND
POM RECOVERIES, INC. a/k/a POMCO

                           Defendants

---

KEISER & KEISER, ESQS

Attorneys for Plaintiffs
3 Farm Road, Ardsley, NY 10502
(914) 674-4440

---

Service of the within is hereby admitted.

Dated:
                                                          Attorneys for

---

**NOTICE OF ENTRY**
[ ] Please take notice that the within documents are (certified) true copies of the originals duly entered in the office of the Clerk of the above court on

**NOTICE OF SETTLEMENT**
[ ] Please take notice that an Order of which the within is a true copy will be presented to the Hon.
one of the judges of the above court for settlement on
at              o'clock in the forenoon at

Dated:                                                    KEISER & KEISER

**CERTIFIED COPY**
State of New York, County of Sullivan ss:

The undersigned, an attorney, admitted to practice in the courts of New York State, certifies that the attached has been compared by the undersigned with the original and found to be a true and complete copy.

Dated:
                                                          MICHAEL S. KEISER, Esq.
                                                          SUSAN KEISER, Esq.